# Exhibit A

**D&G** | DAVIS & GILBERT LLP
ATTORNEYS AT LAW

1740 Broadway   T: 212.468.4800   www.dglaw.com
New York, NY 10019   F: 212.468.4888

Direct Dial: 212.468.4839
Personal Fax: 212.974.6976
Email: sfranco@dglaw.com

August 3, 2010

**VIA FIRST CLASS MAIL AND E-MAIL**

Andrew Goodstadt
Thompson Widgor & Gilly LLP
85 Fifth Avenue
New York, NY 10003

Re:   *Violet Fryer v. Omnicom Media Group et al.*, 09 Civ. 9514 (WHP)

Dear Andrew:

We write in response to your letter to Guy Cohen dated July 1, 2010. As discussed below, many of the issues referenced in your letter have already been addressed by Defendants' voluminous document production, while other requests are overbroad, unduly burdensome, or seek information that is irrelevant to the issues in this case, duplicative of information already produced and/or otherwise not discoverable.

**Plaintiff's Interrogatories**

1. Interrogatory No. 12. OMD hereby supplements its response to Interrogatory No. 12 by identifying the following individuals who were employed in OMD's New York office and who asserted FMLA-related allegations: Serena Duff (maternity leave) and Diane Durando (leave related to back injury).

2. Interrogatory No. 13. As previously stated, Interrogatory No. 13 is overbroad and seeks information that is not relevant to the subject matter of this action. Defendants have produced a list identifying all OMD employees in the New York office who applied for and received maternity or paternity related FMLA leave and parental leave after September 1, 2008, which was on or about the time that Plaintiff took the FMLA leave at issue in this case.

3. Interrogatory No. 1 and Interrogatory No. 15. OMD hereby supplements its response to Interrogatory No. 1 by identifying the following additional person: Ildi Pap. OMD has not withheld the names of any individuals with knowledge relating to this case.

4. Interrogatory No. 18. Each person with knowledge concerning the allegations in Plaintiff's Complaint and/or defenses in Defendants' Answer has been identified in response to Interrogatory No. 1. OMD otherwise maintains its objections to Interrogatory No. 18.

**D&G** | **DAVIS & GILBERT LLP**
ATTORNEYS AT LAW

August 3, 2010
Page 2

**Plaintiff's Document Requests**

    1.    <u>"Highly Confidential" documents</u>. All of Defendants' documents that have been designated "Highly Confidential" have been produced.

    2.    <u>Privilege log</u>. Defendants have identified the following privileged documents:

| Date | Author | Recipient | Description | Basis |
|---|---|---|---|---|
| 6/18/08 | M. Atkin | K. Klimczak | E-mail communication re C. Gangi legal advice re Research Department | Attorney-Client Privilege |
| 6/1/09 | HR Dept | | Spreadsheet re reduction in force reflecting C. Gangi legal advice | Attorney-Client Privilege |

    3.    <u>Searches of e-mails</u>. The following are the searches that have been conducted with respect to Defendants' electronic data:

    a) Review of Michael Atkin e-mails and e-mails between the following employees:

- All Michael Atkin emails containing the term "Violet" OR "Fryer" OR "VF"
- All e-mails between Violet Fryer and Michael Atkin
- All e-mails between Violet Fryer and Jon Cogan
- All e-mails between Violet Fryer and Kim Klimczak
- All e-mails between Michael Atkin and Kim Klimczak
- All e-mails between Michael Atkin and Joseph Masucci
- All e-mails between Michael Atkin and Barbara Burger
- All e-mails between Michael Atkin and PJ Felix
- All e-mails between Michael Atkin and Ildi Pap
- All e-mails between Michael Atkin and Mark Reggimenti

    b) Search terms applied to all Violet Fryer, Michael Atkin, Jon Cogan and Kim Klimczak e-mails:

- pregnan*
- maternity
- leave
- "maternity leave"
- FMLA
- budget
- reorganization

**D&G** | DAVIS & GILBERT LLP
ATTORNEYS AT LAW

August 3, 2010
Page 3

- restructuring
- research AND cuts
- "reduction in force"
- demotion OR demoted
- "new role" AND Violet
- "new role" AND Atkin
- "employment practices"
- Claritas
- SBUs
- Intel
- Clorox
- Scott AND Chicago
- Greg AND Claritas AND Violet
- Jim AND print AND Violet
- Kathy AND print

Defendants have exceeded their discovery obligations by searching the voluminous e-mail files of: 1) Violet Fryer (Plaintiff), 2) Michael Atkin (Plaintiff's supervisor), 3) Jon Cogan (Plaintiff's supervisor after August 2008), and 4) Kim Klimczak (the HR Associate Director with knowledge of Plaintiff's termination). As reflected by the foregoing list, the searches conducted have been broad and inclusive, and have resulted in the production of hundreds of responsive e-mails. By way of example, the searches of thousands of e-mails belonging to Michael Atkin included a general search for Plaintiff's first name, last name and/or initials, which would capture any e-mails between Atkin and any other person concerning Plaintiff. Furthermore, in order to conduct a comprehensive e-mail review, Defendants have processed approximately 38 gigabytes of electronically stored information, and have incurred significant electronic discovery costs to restore and process this substantial amount of data.

Besides requesting searches of voluminous e-mails belonging to Plaintiff, Mr. Atkin, Mr. Cogan and Ms. Klimczak, you have also requested that Defendants search e-mails belonging to: 1) Kathy Grey, Scott Wells and Pamela Marsh (several of Plaintiff's colleagues in the Research Department), 2) Mark Reggimenti (an employee in a different department who did not work with Plaintiff and had no involvement in the decision to terminate her employment), 3) OMD's and OMG's "HR Department", and 4) "any other employee, agent or representative or Defendants OMD or OMD." This request is patently overbroad, unreasonably burdensome, oppressive and seeks information that is cumulative or duplicative of information that has already been produced.

4. <u>Mike Atkin's personnel file.</u>  There is no legal basis for Plaintiff's patently overbroad request for Mr. Atkin's *entire* personnel file. *See Rubinow v. Ingelheim*, No. 3:08-cv-1697 (VLB), 2010 WL 1882320, at *6-7 (D. Conn May 10, 2010) (holding in discrimination case that Plaintiff is only entitled to receive portions of supervisors' personnel files that reflect their education, training, and experience as managers and



DAVIS & GILBERT LLP
ATTORNEYS AT LAW

August 3, 2010
Page 4

information regarding supervisors' treatment of employees who were similarly situated to the plaintiff."). To the extent Mr. Atkin's file contains any documents related to the manner in which he treated Plaintiff and other employees who were similarly situated, complaints about his conduct, disciplinary action taken by OMD against him, and documents related to his education, training, and experience as a manager, Defendants will produce these documents.

     5.    <u>Documents concerning FMLA leave by employees of OMG</u>. As noted above, Defendants have produced the names of OMD employees who applied for and received maternity or paternity related FMLA leave and parental leave from September 1, 2008 to the present. Your contention that Defendants are required to produce company-wide information concerning leaves taken by employees of OMG is not supported by well-established law. Courts have routinely held that discovery in Title VII suits is limited to those units, departments and sections in which there are employees who are similarly situated to the plaintiff. *See, e.g., Rubinow*, 2010 WL 1882320, at *5 (observing that plaintiff "failed to show how the company-wide data she has requested is reasonably calculated to lead to the discovery of admissible evidence in a single plaintiff age discrimination action relating to the Plainitiff's termination from her position as a PR Coordinator IV at the Defendant's Ridgefield, Connecticut location."); *Mazella v. RCA Global Communications*, 642 F. Supp. 1531, 1546-47 (S.D.N.Y. 1986) (reasoning in pregnancy discrimination case that "for evidence relating to other employees to be relevant, those employees must be situated similarly to plaintiff"); *Glen v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002) ("[D]iscovery in Title VII actions may appropriately be limited to employment units, departments, and sections in which there are employees who are similarly situated to the plaintiff.").

     In this case, Defendants have gone beyond their discovery obligations by producing information concerning leaves taken by employees in the entire New York office of OMD, which includes numerous employees in other departments who were in different positions from Plaintiff and reported to different supervisors. The fact that Defendants stipulated for the purpose of this case to the joint employer status of OMG -- a separate company -- does not require the production of company-wide information about leaves taken by employees of OMG, who were not similarly situated to Plaintiff. Thus, there is no reasonable basis for your overbroad request for leave information concerning employees of OMG.

     6.    <u>Documents concerning FMLA leave by employees of OMD in locations other than New York</u>. In responding to this request, Defendants incorporate by reference their response to Plaintiff's request concerning FMLA leave taken by OMG employees. Employees in OMD offices nationwide other than the New York office who were in different positions and reported to different supervisors were not similarly situated to Plaintiff and thus their leave information is not relevant. The fact that Ms. Klimczak is responsible for OMD's East Coast offices and that Steven Flavell is the U.S. Benefits Director, does not require discovery of information concerning FMLA leave taken by employees across the

**D&G** | **DAVIS & GILBERT LLP**
ATTORNEYS AT LAW

August 3, 2010
Page 5

country. Plaintiff makes no claim in this case that Ms. Klimczak or Mr. Flavell discriminated against her with respect to the general administration of FMLA leave.

The only employee in OMD's Research Department who took FMLA leave in connection with her pregnancy and during the time period relevant to this case was Sara Evenhar. Defendants will produce Ms. Evenhar's personnel file and FMLA records.

7. <u>Documents concerning OMD's Research Department</u>. Defendants have searched for and produced all responsive documents related to the Research Department that Defendants indicated they would produce. As for Mr. Atkin's compensation, you have failed to articulate any legitimate reason why his salary is relevant to Plaintiff's claims in this case. Defendants maintain their objections to your request for Mr. Atkin's salary information.

8. <u>Documents concerning the August 2008 restructuring</u>. Defendants are searching for and will produce documents related to the October 2008 Marketing Analytics and Intelligence Symposium, which was discussed in an e-mail produced by Defendants and which you reference in your July 14 letter. All other responsive documents that have been requested related to the August 2008 restructuring of the Research Department have been produced.

9. <u>Documents concerning notification of Plaintiff's termination</u>. Other than the documents Defendants have produced reflecting communications between Mr. Atkin and Ms. Klimczak (D 450) and between Mr. Atkin and Ms. Fryer (D 527), no other documents exist concerning the meeting between Plaintiff, Mr. Atkin and Ms. Klimczak.

10. <u>Documents concerning claims of discrimination against Defendants</u>. For the same reasons that information concerning FMLA leaves taken by employees of OMD nationwide and leaves taken by employees of OMG nationwide are not relevant in this case, there is no legitimate basis for your request for discrimination complaints made by employees other than employees in OMD's New York office. Defendants will produce any administrative charges or state or federal complaints brought against OMD by employees in its New York office from 2006 to the present, if any exist. Other than Plaintiff's complaint, there have been no complaints – formal or informal – by any current or former employees against Mr. Atkin.

11. <u>Documents concerning annual income</u>. Defendants will produce documents sufficient to show OMD's annual income.

**Defendants' Document Requests**

We have reviewed Plaintiff's responses to Defendants' document requests and believe that Plaintiff has failed to fulfill her discovery obligations with respect to several specific requests.



August 3, 2010
Page 6

      <u>Documents concerning Plaintiff's job search</u>.  We have information indicating that Plaintiff was actively searching for work while still employed by OMD.  However, other than documents concerning two positions for which Plaintiff applied as reflected in VF 190-92 and VF 215-17, Plaintiff has failed to produce any other documents responsive to OMD's Request No. 31 concerning her job search prior to June 15, 2009.  Accordingly, please supplement this response immediately by producing all documents concerning Plaintiff's efforts to find work during her employment by OMD.  If documents reflecting any such efforts have been destroyed or deleted, you must provide information identifying the recipients of any communications by Plaintiff concerning her job search, the substance of the communications, the approximate date of the communications, and the approximates dates that any documents reflecting the communications were destroyed or deleted.

      <u>Documents concerning Plaintiff's husband's income and credit card statements</u>.  In response to OMD's Requests Nos. 45 and 46, which requested information concerning income received by Plaintiff or her husband from 2006 to the present, and credit card bills and statements from January 2008 to the present, Plaintiff objected and refused to produce any documents besides her unemployment benefits information.  Plaintiff's objections are plainly improper.  Documents concerning Plaintiff's income from other sources, including but not limited to her husband's income, and documents concerning Plaintiff's household expenses, including but not limited to Plaintiff's and her husband's credit card statements, are plainly relevant to Plaintiff's claim of emotional distress as it relates to her changed financial situation after the termination of her employment.  Therefore, we expect that you will produce these documents immediately.

      Please contact me with any questions concerning this matter.

                                       Sincerely,

                                       Shira Franco

cc:  Greg Filosa (by e-mail)